559 S.E.2d 575

In the Matter of Olanta Municipal Court Judge
Thomas H. ESKRIDGE, Jr., Respondent.

No. 25403.

Supreme Court of South Carolina.

Submitted Jan. 8, 2002.

Decided Jan. 28, 2002.

Henry B. Richardson, Jr., and Senior Assistant Attorney General Nathan Kaminski, Jr., of Columbia, for the Office of Disciplinary Counsel.

Michael G. Nettles, of Lake City, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement

for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a sanction of a confidential admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts as admitted in the agreement are as follows.

## Facts

Respondent was appointed as a municipal judge for the Town of Olanta in March of 2000.[1] Prior to a municipal court hearing in December of 2000, respondent received a list of defendants scheduled to appear before him. An Olanta public official provided respondent with the list of defendants. The letters "NG" appeared by some of the defendant's names on the list. Respondent understood the letters to mean "not guilty." Each defendant whose name appeared next to the letters "NG" was subsequently found "not guilty." Even the defendants who failed to appear in court but had the letters "NG" next to their name were found "not guilty." As a result, the South Carolina Law Enforcement Division launched an investigation. After a full investigation, the solicitor elected not to prosecute respondent because he concluded there was insufficient evidence of any criminal conduct.

## Law

As a result of his conduct, respondent has violated the following canons set forth in the Code of Judicial Conduct, Rule 501, SCACR: Canon 1(A) (a judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2(A) (a judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 2(B) (a judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or

---

1. At the time of these events, respondent had not attended the Magistrate's Orientation School, did not possess a copy of the Magistrate's Bench Book, and had not received training concerning the Code of Judicial Conduct. Respondent has now received training in judicial ethics.

judgment; a judge shall not convey or permit others to convey the impression that they are in a special position to influence the judge); Canon 3(B)(2) (a judge shall not be swayed by partisan interests, public clamor or fear of criticism); and Canon 3(B)(7) (a judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding). These violations constitute grounds for discipline under Rule 7(a)(1), RJDE, Rule 502, SCACR.

## Conclusion

We find that respondent's actions warrant a public reprimand. We therefore accept the Agreement for Discipline by Consent and publicly reprimand respondent.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.